FILED
MAY 30 2012
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

ANTONE LAMANDINGO KNOX, )
)
    Petitioner, )
)
vs. ) No. CIV-12-513-W
)
RANDALL G. WORKMAN, Warden, )
)
    Respondent. )

## ORDER

On May 8, 2012, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter and recommended that the matter be transferred to the United States District Court for the Eastern District of Oklahoma. Petitioner Antone Lamandingo Knox was advised of his right to object, see Doc. 9 at 2, and the matter now comes before the Court on Knox's Objection to Magistrate Judge Report and Recommendation [Doc. 10] and a document filed by Knox that is entitled "Order Staying Proceeding and Requiring Special Report" [Doc. 11].

A petition seeking a writ of habeas corpus under title 28, section 2241 of the United States Code, such as the Petition for a Writ of Habeas Corpus ("Petition") filed by Knox in the instant case, see Doc. 1, "'attacks the execution of a sentence rather than its validity and must be filed in the [judicial] district where the prisoner is confined.'" Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000)(quoting Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)). Knox is currently incarcerated in the Oklahoma State Penitentiary, McAlester, Oklahoma, which is located within the territorial jurisdiction of the Eastern District of Oklahoma; consequently, this Court lacks jurisdiction over Knox's Petition.

Those "[j]urisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires . . . [the C]ourt to transfer such an action 'if the transfer is in the interest of justice.'" 210 F.3d at 1150 (quotation omitted). This provision has been interpreted in this circuit to provide this Court with discretion to determine whether to transfer the action or to dismiss it without prejudice. E.g., Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006).

Upon de novo review of the record and because the Court finds no merit to Knox's request that Magistrate Judge Purcell be disqualified, the Court concurs with Magistrate Judge Purcell's finding that the interest of justice warrants a transfer of Knox's Petition.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 9] issued on May 8, 2012;

(2) STRIKES Knox's "Order Staying Proceedings and Requiring Special Report" [Doc. 11] file-stamped May 18, 2012; and

(3) DIRECTS the Clerk of the Court to transfer this matter to the United States District Court for the Eastern District of Oklahoma.

ENTERED this 30th day of May, 2012.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

2