**FILED**

MAR 21 2013

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ANTONE LAMANDINGO KNOX,            )
                                   )
              Petitioner,          )
                                   )
v.                                 )   Case No. CIV 12-240-RAW-KEW
                                   )
RANDALL G. WORKMAN, Warden,        )
                                   )
              Respondent.          )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, apparently is challenging a misconduct conviction for Individual Disruptive Behavior that resulted in his loss of earned credits.

Although the petition is difficult to read and understand, petitioner is alleging that no evidence was presented in his disciplinary proceeding, and he was denied his right to pursue misconduct appeals. [Docket No. 1 at 2]. He has included copies from various misconducts and appeals in his 83 pages of exhibits. He references an Offense Report dated June 3, 2011, an Administrative Review Authority (ARA) designated as ARA#11-1671, and a Warden's Appeal designated as #11-010. *Id.*

According to the respondent, the ARA and Warden's Appeal numbers pertain to petitioner's misconduct committed on March 28, 2011, when he continued to use legal envelopes and disbursements in an attempt to legally change his name while incarcerated. [Docket No. 23-2]. Petitioner has not disputed this interpretation of his pleadings.

The record shows that petitioner refused to sign the Offense Report when it was delivered on March 31, 2011, and he refused to dress appropriately to attend his disciplinary hearing on that date. [Docket No. 23-2 at 1 & 5]. The hearing officer found petitioner had

entered a guilty plea, based on his refusal to cooperate, and sanctions were imposed. [Docket No. 23-3]. The facility head reviewed and approved the hearing officer's determination on the day of the hearing, and petitioner received a copy of the disposition on April 4, 2011. *Id.*

Petitioner appealed the misconduct to the facility head on May 12, 2011, but the appeal was returned, because petitioner had "refused/failed to attend hearing, thereby forfeiting the opportunity to have a hearing and to participate in the appeal process." [Docket No. 23-4]. Petitioner sent an appeal to the ARA on April 7, 2011, but it was returned unanswered on that date because it was not completed properly. [Docket No. 23-5 at 1-3]. He was, however, given the opportunity to refile the appeal within the time limitations specified in the DOC procedure governing misconduct appeals. [Docket No. 23-5 at 3]. Petitioner sent another appeal dated June 6, 2011, to the ARA, but it also was returned unanswered because his continued failure to file a proper appeal had caused it to be untimely. [Docket No. 23-6].

On July 26, 2011, petitioner sent a request to the DOC Director, asking to submit an appeal out of time. [Docket No. 23-7 at 1]. The request was denied on August 15, 2011, because petitioner had waited more than 30 days to submit it. [Docket No. 23-7 at 2].

On June 17, 2011, while petitioner was filing his appeals to the ARA, he also filed a petition for judicial review pursuant to Okla. Stat. tit. 57, § 564.1, in the Oklahoma County District Court, seeking review of this administrative action among other things. [Docket No. 23-8]. The state district court dismissed the petition without prejudice for failure to exhaust administrative remedies and for failure to state a claim for relief. *Knox v. Okla. Dep't of Corr.*, No. CV-2011-965, slip op. at 2 (Okla. County Dist. Ct. Nov. 16, 2011). [Docket No. 23-9]. Petitioner appealed to the Oklahoma Court of Criminal Appeals on December 12, 2011, and the court affirmed the state district court's dismissal of his petition for judicial review. *Knox v. Okla. Dep't of Corr.*, No. REC-2011-1090 (Okla. Crim. App. Jan. 13, 2012). [Docket No. 23-10 at 2]. The state court's factual findings are presumed correct, unless petitioner produces clear and convincing evidence to rebut the presumption. 28 U.S.C. §

2254(e)(1).

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731). Here, the court finds petitioner failed to exhaust the administrative remedies for his habeas claim, so the respondent's motion to dismiss is granted.

Petitioner has filed two motions to dismiss this action without prejudice to filing an amended petition within twelve months, because he alleges this action has been prolonged by the court's bias, prejudice, and discrimination. [Docket Nos. 26 & 27]. The court finds petitioner's allegations are unsupported and conclusory. Furthermore, he apparently is asking the court to grant him additional time beyond the one-year statute of limitations imposed by 28 U.S.C. § 2244(d) for filing a habeas corpus action. There is, however, no authority for such an extension or for tolling the limitations period under these circumstances. Therefore, his motions to dismiss are denied.

**ACCORDINGLY,** the respondent's motion to dismiss [Docket No. 23] is GRANTED, petitioner's motions to dismiss [Docket Nos. 26 & 27] are DENIED, and this action is in all respects, DISMISSED in its entirety.

**IT IS SO ORDERED** this _____ day of March 2013.

Ronald A. White
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**